# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-106V

| | |
|---|---|
| GAYLE MITCHELL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: May 23, 2025 |

*Daniel Alholm, Alholm Law PC, Chicago, IL, for Petitioner.*

*Elizabeth Andary, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 25, 2024, Gayle Mitchell filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration as the result of an influenza vaccination received on November 6, 2022. Petition, ECF No. 1. On February 10, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has filed an interim motion for attorney's fees and costs, requesting an award of $29,614.83 in fees and costs incurred by Petitioner's former counsel: Andrew D. Downing, Esq. Interim Attorney's Fees and Costs filed December 19, 2024, ECF No. 26. Petitioner has also filed a final Motion for Fees, requesting an award of $3,450.00 in fees incurred by Petitioner's counsel of record: Daniel Alholm, Esq. Petitioner's counsel of record represents that he is not seeking reimbursement of any litigation costs in this matter. *Id.* at 37-1 at 2. Motion for Attorney's Fees ("Motion") filed February 11, 2025, ECF No. 37. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 37 at 7.

Respondent reacted to the Interim motion on December 30, 2024, and to the final motion on February 14, 2025, deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at ECF Nos. 27 and 38. Petitioner indicated thereafter that no substantive reply will be filed. ECF No. 39.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. Petitioner has also requested the hourly rate of $500.00 for 2025 work performed by attorney Daniel Alholm, representing a rate increase of $25.00 from the previous year. I find the proposed rate to be reasonable and adopt it herein.

Furthermore, Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 26 at 37-60. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $33,064.83[3] as follows:**

- **A lump sum of $29,614.83, representing reimbursement for attorney's fees and costs, to be paid through an ACH deposit to Petitioner's**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

- **former counsel: Andrew D. Downing's IOLTA account for prompt disbursement; and**

- **A lump sum of $3,450.00, representing reimbursement for attorney's fees and costs to be paid through an ACH deposit to Petitioner's counsel of record: Daniel Alholm's IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.